**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

AVERY WAYNE JOHNSTON,                                                            PLAINTIFF
ADC #150809

v.                                        2:17CV00145-DPM-JTK

GRANT E. HARRIS, et al.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.

P. Marshall Jr.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.   An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a

Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### **DISPOSITION**

## I.  **Introduction**

Plaintiff Avery Johnston is a state inmate confined at the Cummins Unit of the Arkansas Department of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action against Defendants (Doc. No. 2). By Order dated August 30, 2017, (Doc. No. 4), this Court granted Plaintiff's Motion to Proceed in forma pauperis, but finding that Plaintiff's allegations failed to state a constitutional claim for relief, the Court directed Plaintiff to submit an Amended Complaint within thirty days. (Id.)   The Court asked Plaintiff to: "**name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; and 4) state how he was harmed.** " (Id., p. 4) Following several extensions of time (Doc. Nos. 6, 8, 10), Plaintiff submitted an Amended Complaint in excess of fifty pages, on December 28, 2017. (Doc. No. 15)

On January 22, 2018, after reviewing the Amended Complaint, the Court granted Plaintiff

one final opportunity to amend within thirty days (Doc. No. 16).   The court noted that Plaintiff complained about numerous alleged improper conditions of confinement from 2013-2014, and that any allegations predating August 24, 2014 are barred by the statute of limitations. (Id.).   The Court also stated that Plaintiff's claims of improper conditions of confinement failed to state constitutional claims for relief, and that the Amended Complaint failed to comply with FED.R.CIV.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief. (Id., p. 2) The Court then directed Plaintiff to:

> file a **short** second Amended Complaint which sets forth **one claim** (referring to one incident) against the Defendant or Defendants involved, which he wishes to pursue in this case.   This second Amended Complaint will render his Original and first Amended Complaints without legal effect, and will take the place of those pleadings.[1]   In the second Amended Complaint, Plaintiff shall specifically and clearly state the following:   **(1) the name of each individual personally involved in the action/incident at issue in the complaint; (2) how each individual was personally involved in the action/incident; (3) how each individual violated the Plaintiff's constitutional rights; and 4) how he was harmed.**   Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places. Plaintiff's allegations also must be limited to specific instances which affected him personally, as opposed to lengthy claims of suffering by unidentified inmates.   If Plaintiff does not comply with this directive, his Complaint will be dismissed for failure to state a claim pursuant to Ashcroft v. Iqbal and Bell Atlantic Corp. v. Twombly.

(Id., pp. 2-3)

Plaintiff has now submitted an Affidavit, which this Court construes as his Amended Complaint. (Doc. No. 17)

## II.    Screening

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. Of America, 101 F.3d 600, 603 (8th Cir. 1996) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted)).

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Facts and Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). In Plaintiff's latest Amended Complaint (Affidavit), he does not name or refer to any of the Defendants or specify their actions that violated his constitutional rights. Instead,

4

the complaint includes numerous vague allegations of allegedly improper retaliation, such as:: failure to respond to or process grievances, poisoning his food and drink, denying a safe mattress, tampering with paint on his cell-walls, denying equal access to laundry supplies, failing to adequately respond to all of his sick calls, failing to provide adequate mental-health treatment, and surrounding Plaintiff with inmates who are his known enemies.   This latest complaint does not, however, comply with the Court's prior Orders or FED.R.CIV.P. 8(a)(2).

In light of Plaintiff's failure to submit a "short and plain statement of the claim showing that the pleader is entitled to relief," his Complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted, as provided in Rule 8.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2    This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action will not be taken in good faith.   28 U.S.C. § 1915(a)(3).

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 22nd day of February, 2018.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE